```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/17/2019
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JAVIER GALINDO, et al,

                              **Plaintiffs,**                    **18-CV-01113 (SN)**

                **-against-**                                      **ORDER**

GOVAN RD INC., et al.,

                              **Defendants.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      Plaintiffs bring this action under the Fair Labor Standards Act and the New York Labor Law. ECF No. 1. On April 8, 2019, the parties requested that, pursuant to <u>Cheeks v. Freeport Pancake House</u>, 796 F.3d 199 (2d Cir. 2015), the Court approve the parties' Settlement Agreement and Release (the "Agreement"). ECF No. 31. Because the Agreement contains an overbroad non-disparagement clause, the parties' request is DENIED.

      Non-disparagement clauses are not *per se* objectionable. <u>Mei Na Lao v. Chung Chou City, LLC</u>, No. 16-CV-9193 (AJN), 2018 WL 2170298, at *2 (S.D.N.Y. May 10, 2018). However, "if the provision would bar plaintiffs from making any negative statement about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating the case." <u>Martinez v. Gulluoglu LLC</u>, No. 15-CV-2727 (PAE), 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (internal quotation marks and citations omitted). Otherwise, such a provision contravenes the remedial purposes of the FLSA and is not fair and reasonable. <u>Id.</u>

      Paragraph eight of the Agreement provides, in part:

> The Parties and their respective attorneys, hereby represent, agree and acknowledge that they shall not initiate any comments, public

>or private, on any of the matters set forth herein, including but not limited to any facts and/or allegations in the Complaint . . . that is disparaging of any other party to the Agreement.

ECF No. 31-1, at 4. The Agreement states that "disparage" includes without limitation:

>Comments or statements to the press, the Parties, or any individual or entity with whom the Parties have a business relationship which would adversely affect in any manner: (a) the conduct of the Parties' business; or (b) the business reputation of the Parties.

Id.  Because the non-disparagement clause does not have a carve-out for truthful statements about Plaintiffs' experience litigating the case, the Court will not approve the Agreement. The parties may file a revised settlement agreement no later than Friday, April 26, 2019.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 31.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:     April 17, 2019
           New York, New York